IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STEPHANIE HOWARD                                                                   PLAINTIFF

VS.                                                        CIVIL ACTION NO. 2:98cv15-KS-MTP

MARVIN LEWIS DAVIS *ET AL.*                                                    DEFENDANTS

**RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION TO STAY PENDING RESOLUTION OF STATE AND BANKRUPTCY PROCEEDINGS**

COME NOW certain Defendants to this lawsuit – Amoco Production Company, Atlantic Richfield Company, Bass Enterprises Production Company, Champlin Petroleum Company, ConocoPhillips Company (formerly known as Phillips Petroleum Company and successor in interest by merger to Conoco, Inc.), Exxon Corporation, Fina Oil and Chemical Corporation, Marathon Oil Company, Mobil Oil Exploration and Producing Southeast, Inc., Murphy Oil USA, Inc., Placid Oil Company, Kerr-McGee Oil & Gas Corporation, n/k/a Anadarko US Offshore Corporation, a former affiliate of Oryx Energy Corporation, TXO Production, OXY USA, Inc., Union Oil Company of California, Vintage Petroleum, Inc., Inexco Oil Company, Chevron U.S.A., Inc., Chevron Corporation,[1] Texaco Inc., Four Star Oil & Gas Company, Shell Western E&P, Inc., Moon-Hines-Tigrett Operating Company, and Conquest Exploration Company, and jointly respond in opposition to the Plaintiff's frivolous Motion to Stay.

This issue was *just* ruled on by this Court in its February 17, 2016 Order granting the Defendants' Motion to Lift Stay. [Order, Doc. 167]. The Plaintiff now files a new Motion to Stay, less than a month later. For the reasons discussed below, this Motion should be denied.

---

[1]        Chevron Corporation is appearing specially without waiving jurisdiction.

1

1.  **The Final Judgment that is the basis of the Defendants' Motion to Dismiss is un-stayed and fully executable.**

    The Plaintiff talks about "all of these periphery motions" in her Memorandum in Support of Motion to Stay [Doc. 173, p. 2], but in reality, there is one active Motion before this Court – the Defendants' Motion to Dismiss [see Doc. 168]. The Defendants' Motion to Dismiss is based on a singular, simple premise: An un-stayed Final Judgment from the United States Bankruptcy Court has barred the Plaintiff from pursuing her claims in this lawsuit due to judicial estoppel, and this lawsuit must be dismissed as being moot and as a result of the preclusive effect of that Final Judgment.

    As has been fully briefed in both the Defendants' Memorandum in Support of Motion to Dismiss [Doc. 169] and Reply in support of the same [Doc. 176], the Bankruptcy Court's Final Judgments is un-stayed. The Plaintiff twice attempted to obtain a stay of the Final Judgment, and both of her attempts were denied by the Bankruptcy Court. [See Exhibits "13" and "4" to the Defendants' Motion to Dismiss]. The Plaintiff knew the gravity of the situation when seeking her Stay of the Final Judgment, as she said in her own words to the Bankruptcy Court:

    > If a stay is denied, the Mrs. Howard [sic] will undoubtedly suffer irreparable injury. If the orders contained in the Final Judgment are implemented, then Mrs. Howard's claims currently pending in Circuit Court of Wayne County, the United States District Court for the Southern District of Mississippi and before the Mississippi Commission on Environmental Quality *will all be dismissed*."

    Plaintiff's Memorandum in Support of Motion to Stay Pending Appeal, Exhibit "14" to the Defendants' Motion to Dismiss (*emphasis added*). The Bankruptcy Court refused to stay the enforcement of its Final Judgment and, respectfully, this Court should, too.

2.  **The Bankruptcy Court's Final Judgment warrants immediate dismissal of this lawsuit despite the Plaintiff's pending appeal.**

    The Plaintiff portrays the Defendants as having waited to file their Motion to Dismiss pending in this Court and their Motion to Dismiss the MCEQ proceeding until after the Plaintiff

appealed the Southern District of Mississippi's affirmance of the Final Judgment to the Fifth Circuit: "Despite Ms. Howard's Notice of Appeal, Defendants filed a Motion to Dismiss with the MCEQ as well as in these federal proceedings." [Doc. 173, pgs. 2-3]. This is false.[2] The truth is that the Defendants sought permission to move for dismissal of all of the Related Proceedings well before the Southern District's affirmance of the Final Judgment because, as discussed in the Defendants' Reply in Support of their Motion to Dismiss, ***the Plaintiff's appeal does not matter.***

The Bankruptcy Court's un-stayed Final Judgment is final for purposes of issue preclusion even though the Plaintiff has now appealed the Southern District's affirmance of the Final Judgment to the Fifth Circuit:

> Judgments are final for purposes of issue preclusion when fully litigated, even if not yet appealable. *See Chemetron Corp. v. Business Funds, Inc., 682 F.2d 1149, 1191 (5th Cir.1982)* (holding that a fully litigated, if non-final, decision enjoys issue-preclusive effect); *vacated and remanded on other grounds,* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983); *reinstated on remand as to this ground,* 718 F.2d 725, 728 (5th Cir.1983); *reh'g en banc ordered, id.* at 730 (vacating opinion for rehearing en banc, which never occurred because parties settled); *see also* 18 Charles A. Wright *et al., Federal Practice and Procedure* § 4434, at 321 (1981) (surveying leading cases that consider non-appealable judgments to be final for purposes of issue preclusion); 1B James W. Moore *et al., Moore's Federal Practice* ¶ 0.416[3.-1] (2d ed. 1993) (endorsing rule that pendency of post-trial motions to change the judgment or set it aside does not suspend issue-preclusive effect of the judgment); Restatement (Second) of Judgments § 13 cmt. f (1982) (pendency of motions to set aside a judgment otherwise final for collateral estoppel purposes or to grant a new trial does not suspend issue-preclusive effect of the judgment). Such fully litigated judgments, strong enough to preclude later inconsistent judgments, are *a fortiori* strong enough to withstand preclusion by inconsistent later judgments.

*Cycles, Ltd. V. Navistar Financial Corp.*, 37 F.3d 1088, 1090 (5th Cir. 1994).

This is also the rule in Mississippi: "[I]n *Mississippi Power & Light Co. v. Town of Coldwater*, 168 F. Supp. 463 (N.D. Miss. 1958), the United States District Court found on the

---

[2] The Plaintiff filed her Notice of Appeal from the Southern District of Mississippi to the Fifth Circuit on February 12, 2016. [Notice of Appeal, Exhibit "1"]. The Defendants, however, filed their Motion to Lift the Stay both in this lawsuit and before the MCEQ to allow them to file their Motions to Dismiss in these respective proceedings back on September 2, 2015. [Doc. 160; see also stamped-filed MCEQ cover letter, Exhibit "2"]. This Court granted the Defendants' Motion to Lift Stay on February 17, 2016 [Doc. 167], so the Defendants filed their Motion to Dismiss on February 22, 2016 [Doc. 168].

basis of Mississippi law that 'the appeal to the Supreme Court of Mississippi does not prevent [the judgment in a former suit] from being *res judicata*.'" *Smith v. Malouf*, 597 So.2d 1299, 1302 (Miss. 1992). The Court went on to say that "[t]he federal court's characterization of Mississippi law is reasonable and echoes the holdings of other jurisdictions. The various states have ruled with uniformity that a judgment is "final" for *res judicata* and collateral estoppel purposes even though pending on appeal." *Id.*; *see also Saucier v. Aviva Life and Annuity Co.*, 2013 WL 5937347, * 6 (S.D. Miss. Nov. 4, 2013)("[U]nless and until they are reversed by the Mississippi Supreme Court, the two Orders at issue here remain final judgments for collateral estoppel purposes."); *compare with Suarez Cestero v. Pagan Rosa*, 198 F.Supp.2d 73, 86 (D. Puerto Rico March 11, 2002)(holding that while "[t]he established federal rule is that a judgment can bar future claims under *res judicata*, even while a decision is pending on appeal," under Puerto Rico law, a judgment is not final "until the resolution of an appeal.").

The Bankruptcy Court's Final Judgment has immediate, preclusive effect with regards to this lawsuit. A stay is not warranted. The Defendants pray that the Plaintiff's Motion to Stay, filed less than a month after this Court ruled against her on this very issue, be denied.

**3.    A dismissal of this lawsuit will not affect the Plaintiff's appeal rights concerning the Final Judgment.**

The Plaintiff falsely alleges that the Defendants filed their Motion to Dismiss in this lawsuit "to deny Ms. Howard's right to seek appeal" from the Final Judgment. [Doc. 173, p. 3]. The Plaintiff makes this statement without any explanation as to how a dismissal of this lawsuit would affect her appellate proceeding at all. In fact, the Plaintiff argued to the Bankruptcy Court in the hearing concerning her Motion to Stay Pending appeal that, if her Related Proceedings were to be dismissed during her appeal, she would have "to return to three different forums to reinstate claims and proceedings if she prevails on appeal." [Order Denying Motion to Stay

Pending Appeal, Doc. 168-4, Exhibit "4" to Defendants' Motion to Dismiss, p. 14]. The Bankruptcy Court held: "If, as the Debtor argues, her claims can be reinstated and actions can be undone, any potential harm is, by definition, 'reparable.'" [*Id.*]. Again, the Bankruptcy Court denied the Plaintiff's Motion to Stay Pending Appeal (twice).

Nothing that happens here will affect the Plaintiff's right to appeal the Final Judgment. The fact remains, however, that the Final Judgment is un-stayed and fully executable. The Bankruptcy Court's denial of the Plaintiff's *two* stay Motions **means something**. This issue wasn't briefed *twice* and heard on oral argument as an educational endeavor; no – the effect of the Bankruptcy Court's action was to allow the Defendants to proceed to execute under the Final Judgment. The Defendants respectfully request that the Court denies the Plaintiff's Motion to Stay.

## CONCLUSION

For these reasons, the Defendants respectfully request that the Court denies the Plaintiff's Motion to Stay, filed less than one month after the Court's Order that lifted the stay that was in place.

This the 21st day of March, 2016.

Respectfully submitted,

AMOCO PRODUCTION COMPANY, ATLANTIC RICHFIELD COMPANY, BASS ENTERPRISES PRODUCTION COMPANY, CHAMPLIN PETROLEUM COMPANY, CONOCOPHILLIPS COMPANY (FORMERLY KNOWN AS PHILLIPS PETROLEUM COMPANY AND SUCCESSOR IN INTEREST BY MERGER TO CONOCO, INC.), EXXON CORPORATION, FINA OIL AND CHEMICAL CORPORATION, MARATHON OIL COMPANY, MOBIL OIL EXPLORATION & PRODUCING SOUTHEAST, INC., MURPHY OIL U.S.A., INC., PLACID OIL COMPANY, KERR-MCGEE OIL & GAS CORPORATION, N/K/A ANADARKO US OFFSHORE CORPORATION, A FORMER AFFILIATE OF ORYX ENERGY CORPORATION, TXO PRODUCTION, OXY U.S.A., INC., UNION OIL COMPANY OF CALIFORNIA, VINTAGE PETROLEUM, INC, INEXCO OIL COMPANY, MOON-HINES-TIGRETT OPERATING COMPANY, INC., CHEVRON U.S.A, INC., CHEVRON CORPORATION, TEXACO INC., FOUR STAR OIL & GAS COMPANY, SHELL WESTERN EXPLORATION AND PRODUCTION, INC., and CONQUEST EXPLORATION COMPANY

   */s/ Carson H. Thurman*
Jeffery P. Reynolds, MSB 5305
Carson H. Thurman, MSB 104871

Of Counsel:

Jeffery P. Reynolds, P.A.
200 South Lamar Street, Suite 1050-S
P.O. Box 24596
Jackson, MS 39225
(601) 355-7773 (Telephone)
(601) 355-6364 (Facsimile)

Gene D. Berry, MSB 2459
Attorney At Law
P.O. Box 1631
Madison, MS 39130
(601) 898-0142 (Telephone)
(601) 898-0144 (Facsimile)
*Counsel for the Reynolds Defendants*

 /s/ Barry Hassell
C. Glen Bush, MSB No. 7589
Barry D. Hassell, MSB No. 101149
COPELAND, COOK, TAYLOR AND BUSH, P.A.
P.O. Box 6020
Ridgeland, MS 39158
(601) 856-7200
(601) 856-7626 (Facsimile)
*Counsel for Moon-Hines-Tigrett Operating Company, Inc.*

 /s/ N. Gene Hortman
N. Gene Hortman, Jr., MSB No. 2664
HORTMAN HARLOW BASSI ROBINSON & MCDANIEL, PLLC
P.O. Drawer 1409
Laurel, MS 39441
(601) 649-8611
(601) 649-6062 (Facsimile)
*Counsel for Chevron U.S.A., Inc., Chevron Corporation, Texaco Inc.,*
*Four Star Oil & Gas Company, and Shell Western Exploration & Production, Inc.*

 /s/ S. Craig Panter
S. Craig Panter, MSB No. 3999
Panter Law Firm, PLLC
P.O. Box 2310
Madison, MS 39130
(601) 607-3156
(601) 607-3157 (Facsimile)
*Counsel for Conquest Exploration Co.*

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that he served this Motion by electronic mail and U.S. Mail on the parties set forth below:

Michael G. Stag, Esq.
Sean Cassidy, Esq.
Merritt Cunningham, Esq.
Smith Stag, LLC
One Canal Place
365 Canal Street, Suite 2850
New Orleans, LA  70130

Stacy L. Sims, Esq.
Sims & Re, PLLC,
48 Liberty Place, Suite 1
Hattiesburg, MS 39402

This, the 21st day of March, 2016.

    */s/ Carson H. Thurman*_____
Carson H. Thurman