**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**STEPHANIE HOWARD**                                                                    **PLAINTIFF**

**V.**                                                       **CIVIL ACTION NO. 2:98cv15-KS-MTP**

**MARVIN LEWIS DAVIS, ET AL.**                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss [168] filed by Defendants Amoco

Production Co., Atlantic Richfield Company, Bass Enterprises Production Co., Champlin Petroleum

Company, Chevron Corporation, Coho Resources, Inc., Conoco, Inc., Conquest Exploration

Company, Exxon Corporation, Fina Oil and Chemical Company, Four Star Oil & Gas Company,

Huseman Oil and Royalty, Inc., Marathon Oil Company, Mobil Oil Exploration & Producting

Southeast Inc., Murphy Oil USA, Inc., Oryx Energy Co., Oxy USA, Inc., Phillips Petroleum

Company, Placid Oil Company, Tenneco Oil Co., Texaco, Inc., Union Oil Company, and Vintage

Petroleum, Inc., (collectively "Defendants"), and on the Motion to Stay [172] filed by Plaintiff

Stephanie Howard ("Plaintiff").  After considering the submissions of the parties, the record, and

the applicable law, the Court finds that Plaintiff's Motion to Stay [172] is not well taken and should

be denied.  The Court further finds that Defendants' Motion to Dismiss [168] is well taken and

should be granted.

**I.  BACKGROUND**

This lawsuit was commenced on January 20, 1998, and involves a piece of real property in

Wayne County, Mississippi (the "Subject Property"), originally owned by Gerald Donald and

currently owned by Plaintiff, his daughter.  This case was stayed from March 15, 2000, until

February 17, 2016.

In 2013, Plaintiff's bankruptcy case was reopened after Defendants discovered she had failed to disclose her ownership of the Subject Property.  As a result of this failure to disclose, the Bankruptcy Court held that Plaintiff was judicially estopped from pursuing her claims in this proceeding.  (*See* Bankruptcy Court's Final Judgement [168-2] at p. 3.)  This judgment was subsequently affirmed by this Court.  (*See* District Court Order Affirming [166-1].)  The stay in this case was lifted on February 17, 2016, in order to allow Defendants to file their Motion to Dismiss [168] pursuant to this judgment.  This motion was subsequently filed on February 22, 2016.

Plaintiff now urges the Court to stay the case yet again, pending appeal of the Bankruptcy Court's Final Judgment [168-2] and district court's affirmation to the Fifth Circuit.  The Court has considered the arguments of both parties and is now ready to rule.

## II.  DISCUSSION

### A.    Motion to Stay [172]

The Court employs a four-part test when presented with a motion for a discretionary stay pending appeal, with the movant bearing the burden of showing that each part is met.  *Arnold v. Garlock, Inc.*, 278 F.3d 426, 438-39 (5th Cir. 2001) (citing *In re First S. Sav. Assoc.*, 820 F.2d 700, 704 (5th Cir. 1987)).  This four-part test includes

(1)    Whether the movant has made a showing of likelihood of success on the merits;

(2)    Whether the movant has made a showing of irreparable injury if the stay is not granted;

(3)    Whether the granting of the stay would substantially harm the other parties; and

(4)    Whether the granting of the stay would serve the public interest.

*In re First*, 820 F.2d at 704.  "[T]he [movant] need not always show a probability of success on the

merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Arnold*, 278 F.3d at 439 (quoting *In re First*, 820 F.2d at 704) (internal quotations omitted).

Here, Plaintiff has made no attempt to show either that she has a likelihood of success on the merits or that she has presented a substantial case involving a serious legal question. Plaintiff argues only that she will be harmed without the stay and that judicial economy favors a stay. Because it is the Plaintiff's burden to demonstrate that each element of the test for a discretionary stay pending appeal is met, the Court finds that she has not met this burden. Her Motion to Stay [172] will therefore be **denied**.

### B.      Motion to Dismiss [168]

Defendants bring their Motion to Dismiss [168] pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that the Court no longer has subject matter jurisdiction over this action as the case has been rendered moot by the Bankruptcy Court's Final Judgment [168-2]. This Final Judgment [168-2], affirmed by this Court, holds that Plaintiff is judicially estopped from pursuing her claims in this matter.

"If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). Plaintiff bears the burden of proving that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Plaintiff has made no argument that this matter is not moot, nor would any such argument be persuasive to the Court. The Bankruptcy Court's Final Judgment [168-2] bars her from pursuing her claims in this action. As such, no justiciable issue exists between the parties in this case, and the Court has no authority to retain subject matter jurisdiction. Defendants' Motion to Dismiss [168] will therefore be **granted**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Stay [172] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [168] is **granted** and this action is **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 28th day of March, 2016.


*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE